11-3346-ag
Jiang v. Holder

BIA
A072 798 563

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand twelve.

PRESENT:
    ROBERT D. SACK,
    REENA RAGGI,
    PETER W. HALL,
        Circuit Judges.

_____

SAI REN JIANG,
        *Petitioner,*

        v.                                    11-3346-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:     Nathan Weill, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; Douglas E. Ginsburg,
                    Assistant Director; Karen L. Melnik,
                    Trial Attorney, Office of
                    Immigration Litigation, United
                    States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sai Ren Jiang, a native and citizen of China, seeks review of a July 19, 2011 decision of the BIA denying his motion to reopen his removal proceedings. *In re Sai Ren Jiang*, No. A072 798 563 (B.I.A. July 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because Jiang's motion to reopen was filed more than 90 days after the BIA's final administrative decision was rendered, he was required to show "changed country conditions arising in the country of nationality ... [through] evidence [that] is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii).

Although Jiang argues that the BIA erroneously found that the Chinese authorities' awareness of his political activities in this country did not constitute a changed country condition, as the Government correctly asserts, Jiang did not raise this argument in his motion to reopen. Rather, before the BIA, Jiang contended that the authorities' visit to his mother supported his claim of a well-founded fear of persecution. Because this issue is unexhausted, we will not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122-23 (2d Cir. 2007).

Further, there is no merit to Jiang's contention that the BIA improperly narrowed its interpretation of changed country conditions in a single panel member decision. Because Jiang did not argue that the Chinese authorities' awareness of his political activities constituted a changed country condition, the BIA could not have narrowed its interpretation as Jiang suggests. Finally, Jiang has explicitly abandoned any challenge to the BIA's dispositive findings that his political activities in this country constituted a change in personal circumstances, and that conditions have not changed in China for members of the China Democracy Party.

2

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk